IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CR-00315-DGK-08 |
| ) | |
| LADELE D. SMITH (1), and ) | |
| ) | |
| ROY O. FRANKLIN, JR. (2), ) | |
| ) | |
| Defendants. ) | |

### ORDER DENYING DEFENDANTS' MOTIONS TO EXCLUDE THE OPINION TESTIMONY OF S.A. TIMOTHY FLOHRSCHUTZ

Now before the Court is Defendant Roy O. Franklin, Jr.'s *Daubert* Motion to Exclude Certain Opinion Testimony of Timothy Flohrschutz, ECF No. 611, and an identical motion filed by Defendant Ladele Smith, ECF No. 640. For the following reasons, the motions are DENIED, but his testimony shall be strictly limited to that enumerated in his expert report.

Special Agent Timothy Flohrschutz is a member of the FBI's Cellular Analysis Survey Team (C.A.S.T.) who completed a historical mobile device location analysis of historical cell-site location records for five target telephones in this case. Relevant to the pending motion, at trial the Government intends to offer his opinion that on the date of the drive-by shooting at issue, the target cell phones attributed to Defendants Franklin and Smith "were in the vicinity of 4429 Kensington prior to the shooting and were located near 35th and Woodland at the time of the shooting." Government's Resp. at 4, ECF No. 697.

Defendants request the Court hold a pretrial *Daubert* hearing where they can question S.A. Flohrschutz and exclude his testimony. They argue his testimony should be excluded because his proposed testimony and slideshow are untestable, have not been subjected to appropriate peer

review, have no known or potential rate of error, and have not gained general acceptance in the scientific community.  Alternately, his testimony should be excluded because his report places the cellphones "in proximity" to the cell tower but does not give any information about the cell tower's range, the factors that determine a cell tower's coverage range, or the level of precision with which the report pinpoints the target telephones' locations at the relevant times.

The Government responds that S.A. Flohrschutz is unquestionably an expert on cell-site location data, and appellate courts have recognized that the science and methodology behind historical cell-site location analysis are "understood and well documented;" "the advantages, drawbacks, confounds, and limitations of historical cell-site analysis are well known by experts" inside and outside the law enforcement community; and the analysis is commonly accepted as relevant, reliable, and probative.  *United States v. Hill*, 818 F.3d 289, 298-99 (7th Cir. 2016).  The Government contends Defendants' arguments regarding the technical limitations of S.A. Flohrschutz's analysis goes to the weight of the evidence, not its admissibility.  It argues a *Daubert* hearing is not necessary and courts in this district have previously permitted expert testimony on cell-site location data analysis without requiring such a hearing.  Finally, in response to Defendants' arguments concerning the lack of detail in S.A. Flohrschutz's report, the Government writes, "it understands and anticipates the need to lay sufficient foundation for any and all testimony and exhibits offered at trial, including the reports, maps, and testimony of Agent Flohrschutz." Resp. at 11.

When the admissibility of expert testimony is challenged, the district court must make "a preliminary determination of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993).  The party

2

seeking to introduce the expert's testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Under Federal Rule of Evidence ("FRE") 702, a witness may give an expert opinion if:

> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In other words, the proponent must show that the expert's opinions are relevant, the expert is qualified to offer them, and "the methodology underlying his conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006). Doubts should be resolved in favor of admissibility. *Marmo*, 457 F.3d at 758. "There is no requirement that the district court always hold a *Daubert* hearing prior to qualifying an expert witness under Federal Rule of Evidence 702." *United States v. Solorio-Tafolla*, 324 F.3d 964, 965 (8th Cir. 2003).

The Eighth Circuit has repeatedly observed that, as a general rule, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility," but "if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." *Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 952 (8th Cir. 2014) (internal quotations omitted).

Applying the law to the facts of this case, the motion is denied. S.A. Flohrschutz's testimony is admissible under Rule 702 because his opinions are relevant to a fact in issue; he is qualified by his specialized training and experience to offer such opinions; his testimony is the product of reliable principles and methods, as demonstrated by the fact that several appellate federal courts have held as much, and federal courts routinely allow such evidence; and the

methodology underlying his testimony is sound.  Defendants' arguments concerning the technical limitations of historical cell-site analysis goes to the weight of the evidence, not its admissibility.

That said, the Court is mindful of the concerns raised by several appellate courts that the Government must be careful "not to present historical cell-site evidence without clearly indicating the level of precision—or imprecision—with which that particular evidence pinpoints a person's location at a given time," because admission of such evidence that "overpromises on the technique's precision—or fails to account adequately for its potential flaws—may well be an abuse of discretion." *Hill*, 818 F.3d at 299; *United States v. Machado-Erazo*, 901 F.3d 326, 337-38 (D.C. Cir. 2018) (holding the district court abused its discretion in admitting expert testimony about precise locations of the cell phones he analyzed).  Since the Government has represented to the Court in its briefing that S.A. Flohrschutz will be testifying that Defendants were in the "vicinity" of particular locations, and S.A. Flohrschutz's report states he will be testifying about "approximate geographic locations"[1]—nothing more specific—these concerns do not appear to be an issue in this case.  *See, e.g.*, *United States v. Brown*, Case No. 18-20075, 2019 WL 3543253, at *6 (E.D. Mich. Aug. 5, 2019) (observing that since the Government acknowledged in its *Daubert* brief to the court that historical cell-site analysis was "only reliable to show that a cell phone was in a general area," and assuming that at trial the Government laid a proper foundation and "accurately represents historical cell-site analysis's limits at trial," the expert testimony was reliable and a *Daubert* hearing unnecessary.)

Of course, S.A. Flohrschutz's testimony shall be limited to that disclosed in his expert report.  He may not offer opinions or conclusions beyond those enumerated in his report.  For example, he may not testify about distances the phones were from cell towers, or that a Defendant

---

[1] S.A. Flohrschutz's Expert Report at 9-12, ECF No. 611-1.

4

was "very close" or within a certain distance to a particular cell tower at the time of the drive-by shooting, or the proximity of the two phones to each other at the time of the shooting. *See Machado-Erazo*, 901 F.3d at 336 (holding such testimony inadmissible where it was not disclosed in the expert's report); Fed. R. Crim. P. 16(a)(1)(G) ("At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702 . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.")

**IT IS SO ORDERED.**

Date:  August 22, 2022  　　　　　　　　　　　  /s/ Greg Kays  
　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE  
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT