IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CR-00315-DGK-08 |
| | ) | |
| ROY O. FRANKLIN, JR. (2), | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTIONS FOR ENTRAPMENT AND BUYER/SELLER INSTRUCTIONS

Now before the Court are Defendant Roy O. Franklin, Jr.'s motion for an entrapment instruction, ECF No. 859, and motion for an instruction explaining to the jury the difference between a "buyer-seller" and "personal use" based on *United States v. Boykin*, 794 F.3d 939 (8th Cir. 2015), ECF No. 860. The Court also notes the other defendants have either joined or filed separate, similar proposed "personal use" instructions.

For the following reasons, the motions are DENIED.

An entrapment instruction is not appropriate because to be entitled to an entrapment instruction, the defendant must show that government agents implanted the criminal design in the defendant's mind and induced him to commit the offense. *United States v. Cannon*, 88 F.3d 1495, 1504 (8th Cir. 1996). "Inducement may take different forms, including pressure, assurances that a person is not doing anything wrong, persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy, or friendship." *United States v. Stanton*, 973 F.2d 608, 610 (8th Cir. 1992). It consists of more than just providing an opportunity to break the law. *Id*. Here, the overwhelming evidence is that Franklin previously sold the confidential informant distribution amounts of marijuana, and he was part of a drug

trafficking organization that not only sold marijuana, but also cocaine, heroin, codeine, and oxycodone. Granted, the confidential information asked Franklin if he would sell him some cocaine, but Franklin was already disposed to sell drugs. The confidential information merely provided Franklin with an opportunity to sell a different drug than that which he normally sold. Accordingly, there is insufficient evidence of entrapment to instruct on it.

A request for a "personal use" instruction is also not justified on this record. The law is clear that a buyer-seller relationship without more is not sufficient to prove a conspiracy. *Boykin*, 794 F.3d at 948. But the Eighth Circuit has instructed that "[b]uyer-seller relationship cases involve only evidence of a *single* transient sales agreement and small amounts of drugs consistent with personal use." *Boykin*, 794 F.3d at 948 (emphasis added). If the amount of drugs involved is a distribution level amount, an instruction on personal use is not appropriate. *Id*. at 949. Here the record contains references to a "brick," that is, a case of codeine, and law enforcement officers recovered codeine bottles at multiple locations along with other drugs found in distribution amounts that defendants were obviously selling. The fact that defendants themselves were admittedly enthusiastic codeine drinkers and the Government does not have any direct evidence of codeine distribution to others outside of the conspiracy does not alter the fact that the amount of codeine found was not a personal use amount, and that the record does not otherwise support an inference of a single transient sale. Consequently, a personal use instruction is not appropriate.

A similar analysis applies to Franklin's request for a personal use instruction to be given concerning the oxycodone pills recovered. The Government recovered 179 oxycodone pills along with other illegal drugs found in distribution level amounts that the Government has direct evidence were sold. The inference from all the evidence in the record is that if Franklin possessed oxycodone pills, they were available for distribution, not solely for personal use. Accordingly, a

"buyer-seller" "personal use" instruction is not supported by the evidence.

A similar analysis applies to the other Defendants requests' for a "personal use" instruction.

The motions are DENIED.

**IT IS SO ORDERED.**

Date:  September 13, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

3

Case 4:19-cr-00315-DGK    Document 869    Filed 09/13/22    Page 3 of 3